FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
AUG 22 2012
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
JOHNNY JIMENEZ,

                Petitioner,

    -against-

UNITED STATES OF AMERICA,

                Respondent.
-------------------------------------------------------------------- X

12-CV-1539 (ARR)

OPINION & ORDER

ROSS, United States District Judge:

On March 26, 2012, Johnny Jimenez ("petitioner") filed a pro se petition for a writ of habeas corpus challenging his criminal conviction pursuant to 28 U.S.C. § 2255. In his petition, he claims, inter alia, that trial counsel was ineffective because he failed to submit a notice of appeal despite petitioner's asking him to do so.

An attorney who fails to file a notice of appeal at his client's request provides ineffective assistance of counsel, regardless of whether that client had otherwise waived his right to appeal. Campusano v. United States, 442 F.3d 770, 773 (2d Cir. 2006) ("[A] lawyer who disregards a defendant's specific instruction to file a notice of appeal acts in a manner that is professionally unreasonable . . . , and . . . where counsel's error leads to 'the forfeiture of a proceeding itself,' prejudice will be presumed." (quoting Roe v. Flores-Ortega, 528 U.S. 470, 477, 483-84 (2000))). Where a petitioner raises such a claim on habeas, the district court must hold a hearing to determine whether petitioner, in fact, asked his attorney to file a notice of appeal. It is left to the district court's discretion whether to conduct a testimonial hearing or to rest its decision on written submissions. See id. at 776 ("[T]he district court has discretion to determine if a testimonial hearing will be conducted."); Aladino v. United States, No. 09-cv-926, 2012 U.S.

1

Dist. LEXIS 115201 (E.D.N.Y. Aug. 15, 2012) (collecting cases where such claims of ineffective assistance have been reviewed without an evidentiary hearing).

By Order dated July 17, 2012, the court directed petitioner's trial counsel, an Assistant Federal Defender of the Eastern District of New York, to "file an affidavit addressing whether or not petitioner asked him to file a notice of appeal." Dkt. No. 6. In an affidavit dated August 17, 2012, counsel notified the court that he "ha[s] no recollection of whether or not Mr. Jimenez asked [him] to file a notice of appeal in this case." The affidavit provided no further information of aid to the court in assessing whether counsel's representation had been effective.

On the basis of the submissions before it, the court finds that counsel was ineffective. His non-recollection of events cannot overcome petitioner's claim that he asked counsel to submit a notice of appeal, and, contrary to other attorneys found to be effective advocates in similar circumstances, counsel does not purport to have a policy of filing notices of appeal at a client's request. See, e.g., Paghense v. United States, 2011 U.S. Dist. LEXIS 76072 (S.D.N.Y. July 12, 2011) (noting that counsel's affidavit attested to the fact that, "[h]ad Petitioner asked Counsel to file a notice of appeal, Counsel would have done so even if there had been no legal basis for relief.")). A finding of ineffectiveness is, therefore, warranted.

The petition is granted as to petitioner's ineffective assistance of counsel claim, and petitioner's right to appeal is restored. The Clerk of Court is directed to treat petitioner's §2255 motion as a notice of appeal from his underlying conviction in Case No. 10-CR-434 and to serve the notice of appeal pursuant to Federal Rule of Appellate Procedure 3(d). The court declines to reach petitioner's remaining claims, which have been rendered moot by the restoration of petitioner's right to appeal, and denies them without prejudice.

SO ORDERED.

S/Judge Ross

_____
Allyne R. Ross
United States District Judge

Dated:      August 22, 2012
            Brooklyn, New York

SERVICE LIST:

**Petitioner:**

Johnny Jimenez
# 78171-053
FCI Otisville
Federal Correctional Institution
P.O. Box 1000
Otisville, NY 10963